## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1734 | **DATE** | 3/31/2008 |
| **CASE TITLE** | Brown, et al. vs. Tepper, et al. | | |

**DOCKET ENTRY TEXT**

For reasons discussed in the Statement portion of this order, Henrietta Brown's Application for Leave to Proceed *In Forma Pauperis* [5] is denied without prejudice. Plaintiffs have until May 1, 2008 to either pay the $350 filing fee in this case or submit an Amended Application for Leave to Proceed *In Forma Pauperis*, along with financial affidavits from both Plaintiffs. This dismissal may be converted to a dismissal with prejudice if Plaintiffs fail to comply with the filing deadline.

■[ For further details see text below.] Notices mailed.

## STATEMENT

On March 25, 2008, plaintiffs Henrietta Brown and Lynetta Brown ("Plaintiffs") filed a Complaint alleging violations of the Truth in Lending Act, 15 U.S.C. § 1635(a) and Regulation Z § 226.23, violations of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. 505/2, and breach of fiduciary duty against the business entities and individual mortgage broker associated with Plaintiffs' current promissory note and mortgage. Along with the Complaint, Plaintiffs filed Henrietta Brown's Application for Leave to Proceed *In Forma Pauperis* ("IFP") and her supporting financial affidavit. (Dkt. No. 5.)

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *See Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

Section § 1915(a)(1) permits this court to authorize the commencement of a lawsuit without the prepayment of fees "by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In this case, however, there are two co-plaintiffs, and not just one individual filer. Although Henrietta Brown has submitted sufficient evidence of her inability to pay the filing fee, the court is unable to assess whether co-plaintiff Lynetta Brown is also unable to pay the initial filing fee in this case. Because the court has not been informed of Lynetta Brown's financial circumstances, the court must deny Henrietta Brown's request to file this lawsuit without the prepayment of fees.

**STATEMENT**

    Plaintiffs have until May 1, 2008 to either pay the $350 filing fee in this case or submit an Amended Application for Leave to Proceed *In Forma Pauperis*, along with financial affidavits from both Plaintiffs. This dismissal may be converted to a dismissal with prejudice if Plaintiffs fail to comply with the filing deadline.